**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT WORRELL,**

**Plaintiff,**

**CIVIL ACTION**

**vs.** **No. 06-3352-SAC**

**JAY SHELTON, et al.,**

**Defendants.**

**ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.[1]

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**Background**

The complaint encompasses several events which appear to be unrelated.

(1) On March 2, 2006, plaintiff had a tooth pulled. He received pain medication. Due to related bleeding, plaintiff was unable to eat lunch, which was served that day approximately one hour after plaintiff's dental appointment. Corrections staff refused to order a sack lunch for him, and he was told to report to the regular meal line.

Dinner was served that evening at 5:30 p.m., and plaintiff asked for a sandwich. That request also was denied.

(2) On December 23, 2005, plaintiff was battered by another prisoner. The two inmates were separated by a third prisoner. When a guard came to plaintiff's cell, plaintiff explained his injuries by reporting that he had slipped and fallen. He was taken to the clinic for medical attention. A lieutenant told him that he knew what had happened and advised plaintiff that he would be placed in segregated housing unless he signed a protective custody waiver. Plaintiff appears to claim that he was pressured to sign the waiver, and that this violated his rights.

(3) On January 25, 2006, plaintiff found an officer reading his legal mail. He claims the officer later charged him with

disrespect. He was found guilty following an administrative hearing, and he claims the charges were fabricated to cover the reading of his legal mail.

(4) Plaintiff is on a "two flight" medical restriction. On March 11, 2006, he was denied access to an elevator to go to meal line.

The court construes the complaint to allege (1) violations of the Eighth Amendment for failure to provide adequate medical care, (2) due process violations in being required to accept placement in protective custody or sign a waiver of such housing[2]; (3) cruel and unusual punishment and denial of due process and equal protection by the issuance of a fabricated disciplinary report written to conceal an officer's unauthorized review of plaintiff's legal mail; and (4) cruel and unusual punishment by the denial of access to the elevator.

**Discussion**

"To state a claim under section 1983, a plaintiff must

---

2 Plaintiff captions the second issue in his complaint as "assault and battery" (Doc. 1, p. 5). While the complaint describes an attack on plaintiff by another inmate, who is not a defendant to this action, plaintiff's claim is that the incident was mishandled and that he was unjustly penalized by the requirement that he accept segregated housing or sign a waiver. See id. at p. 8 ("The Lieutenant applied pressure on Plaintiff in order to get a signature on the P.C. Waiver which is not legal in the United States.")

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e).

**Denial of adequate medical care**

The Eighth Amendment is violated when prison officials act with deliberate indifference to a prisoner's serious medical needs. Perkins v. Kan. Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). In order to establish a claim under this standard, a prisoner must demonstrate there is (1) a medical need "that has been diagnosed by a physician as mandating

treatment or one ... so obvious that even a lay person would easily recognize the necessity for ... attention," Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000), and (2) a prison official both knew of and ignored "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prisoner's disagreement with the treatment provided is not sufficient to establish a constitutional violation. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976).

Here, plaintiff was provided with dental care. His claim arises from the refusal of corrections officers to provide him with a sandwich or sack lunch following the tooth extraction.

Having considered the record, the court finds the facts alleged by the plaintiff are insufficient to establish deliberate indifference. First, the harm plaintiff attributes to this failure is an upset stomach, a condition which does not, on the facts here, establish a serious medical need. Next, it does not appear the plaintiff was denied food, rather, he was told to report to the dining hall for both the noon and evening meals but declined to do so.

Finally, the grievance materials submitted by the plaintiff reflect that corrections officers consulted with the facility dental staff to verify whether plaintiff required a sack lunch and were advised the plaintiff could go to the

regular meals with other prisoners. (Doc. 1, Attachs., pp. 25-26, grievance response by S. Collins dated 3/14/06 and warden’s response dated 3/22/06.) These responses suggest staff acted to deny plaintiff’s requests after investigating the need for a special meal and do not support a claim of deliberate indifference.

The court concludes plaintiff’s requests for sack lunches were personal preferences rather than medical necessity and that his constitutional rights were not violated by the refusals.

**Threatened placement in protective custody**

Plaintiff next claims he was pressured to sign a waiver of protective custody following the assault on him by another prisoner. Plaintiff states he “did not want to be cut off from the use of the law library, which would happen if placed in protective custody.” (Doc. 1, p. 6.) Accordingly, he signed the waiver. He claims the Lieutenant violated his rights by requiring him to sign that waiver to avoid placement in protective custody.

“Prison officials have a duty...to protect prisoners from violence at the hands of other prisoners.” Farmer v. Brennan, 511 U.S. 825, 833 (1994). Here, the complaint reflects that plaintiff was assaulted by another prisoner, that he sustained

injuries requiring medical attention, and that prison authorities discovered the attack despite plaintiff's deceptive explanation of the source of his injuries.

In light of their duty to protect the plaintiff from harm, prison officials could not disregard the risk to his safety and reasonably determined that he should be placed in protective custody. Requiring plaintiff to execute a waiver to avoid that placement did not violate his protected rights.

**Disciplinary action for disrespect**

In January 2006, plaintiff was charged with disrespect following an incident between him and Officer Delimont. Plaintiff claims he discovered the officer in his cell reading his legal mail and that the two argued over the propriety of that act. Approximately two hours later, plaintiff received an incident report charging him with the use of inappropriate language, which plaintiff denies. Plaintiff was found guilty at an administrative hearing and received a sanction of 10 days loss of privileges.[3] He did not file a timely appeal. (Doc.

[3] While the materials submitted by the plaintiff do not show exactly the type of proceeding which resulted, it is established that where a the sanctions imposed do not result in "a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the prisoner has not been denied a constitutional right and is not entitled to the due process protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). Sandin v. Conner,

1, Attach., Part 2, pp. 4 and 15, Warden's response to grievance dated February 15, 2006 and Disciplinary Appeal dated April 7, 2006.)

Plaintiff claims Officer Delimont fabricated the disciplinary report in order to conceal the fact that he read plaintiff's legal mail. The grievance responses in the record suggest that Delimont examined plaintiff's belongings in the course of conducting a shakedown of his cell.

Notwithstanding plaintiff's allegation that the disciplinary charge against him was a strategic action, the court concludes that no claim for relief is stated. The filing of a false disciplinary charge has been held not to violate a prisoner's constitutional rights where the prisoner was afforded an opportunity to respond to the charges. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986)("the mere filing of [a false] charge itself" does not state a claim under §1983 provided the prisoner "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert. denied, 485 U.S. 982 (1988). The present record suggests that plaintiff had the opportunity to respond to the charges and that he failed to timely appeal from the decision finding him

---

515 U.S. 472, 486-87 (1995).

guilty. The court concludes plaintiff fails to state a claim for relief on this ground.

**Two-flight stair restriction**

In August 2005, plaintiff was limited to climbing two flights of stairs. (Doc. 1, Attach., Part 3, p. 15, Medical Classification Report.)

On March 11, 2006, plaintiff was denied access to an elevator to go to the inmates' dining hall. He claims this denial was contrary to a medical order restricting him from climbing more than two flights of stairs and that he was required to walk up three flights of stairs to the dining area.[4]

The court construes this claim to allege a violation of the Eighth Amendment, which prohibits prison officials from subjecting a prisoner to inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825 (1994).

A prison official may be held liable for denying a prisoner humane conditions "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Accordingly, the failure to follow a prescribed treatment does not violate the Eighth Amendment unless the prison officials

4 In a grievance on this matter, plaintiff stated that he climbed a total of 29 steps. (Doc. 1, Attach. 3, p. 12.)

knew of facts from which an inference could be drawn that a substantial risk of serious harm existed by intentionally interfering with the "prescribed" transfer, and the officials made that inference. See Williams v. Ramos, 71 F.3d 1246, 1250-51 (7th Cir. 1995)(no deliberate indifference when defendants failed to accommodate inmate's preferred living situation in a lower bunk as ordered in a medical certificate).

Here, the order requiring plaintiff to walk up 29 steps is reasonably within the two-flight measure of which plaintiff was deemed medically capable, and the court finds no objectively serious risk of harm is presented. Plaintiff's assessment that three landings rendered the 29 steps more than two flights is not a sufficient basis to establish liability.

**Conclusion**

For the foregoing reasons, the court concludes this matter may be summarily dismissed for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 3, 7, 8, 12, and 13) are granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the full filing fee.

IT IS FURTHER ORDERED plaintiff's motions for the appointment of counsel (Docs. 2,5, and 11) are denied as moot.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 4th day of September, 2007.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge